## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHUNSHENG YU,     )
            )
 Plaintiff-Below, Appellant,  )
            )
    v.       )  C. A. No. N18A-03-009 CEB
            )
            )
DIDATEMAI CORPORATION,  )
RONGYU YUAN, XU LI,    )
            )
 Defendants-Below, Appellees. )

Submitted: September 19, 2018
Decided: January 3, 2019

*Appeal from the Court of Common Pleas*
**AFFIRMED**

## ORDER

This 3rd day of January 2019, upon consideration of Plaintiff's appeal from the Court of Common Pleas, it appears to the Court that:

1. Plaintiff appeals from a defense verdict in a nonjury trial in the Court of Common Pleas. The Plaintiff complains of several errors, but none of his arguments are meritorious and the verdict will therefore be affirmed.

2.     Plaintiff is Chunsheng Yu. The Defendant is Didatemai Corp., a small company owned principally by Rongyu Yuan.[1] The other witness to testify in the Court of Common Pleas was Xu Li, a friend of Yuan. In addition to being Yuan's friend, Li is also married to Yu's daughter, Wenting Yu. Wenting Yu was a major customer of Didatemai.

3.     Now that we have the players on the field, here was the intended play. The business of Didatemai was to provide warehouse services for sellers of electronics. Rongyu Yuan sought and found warehouse space to rent in Wilmington. He needed someone to manage the warehouse and Wenting Yu, his major customer, suggested her father, the Plaintiff in this action. After several email exchanges, it was agreed that Mr. Yu would leave his home in Florida and come to Wilmington and manage the warehouse. He would manage the warehouse at a monthly salary of $4,500 per month and after a year, they would reconsider their arrangement.

4.     Plaintiff moved to Wilmington, but his management of the warehouse was shaky, at best. There were multiple problems with order fulfillment and missing inventory. In Yuan's view, these problems were serious enough to jeopardize Didatemai's business plan and Yuan decided that Didatemai needed to terminate its

---

[1] Two additional defendants were named individually – Rongyu Yuan and Xu Li. Judgment was granted in their favor as the employment agreement that was the basis for the suit was between Plaintiff and Didatemai Corp. Plaintiff on appeal makes no argument concerning the propriety of that ruling and it appears correct, in any event. The individuals therefore need not be referenced as defendants as this appeal is already confusing enough as it is.

2

arrangement with Plaintiff. Yuan gave Plaintiff a written notice of termination of the contract with a final two weeks' pay.[2]

5. Plaintiff sued claiming breach of contract and chose to represent himself at trial. After hearing from Plaintiff, the Court also heard testimony from Rongyu Yuan and Xu Li. While there was no formalized employment contract, documents were introduced reflecting the understandings of the parties.

6. After a full day of testimony, much of which required translation into Mandarin for the benefit of Plaintiff, the Court found that Plaintiff "breached the contract by not performing his duties to an appropriate standard."[3] Therefore, the Court ruled, Didatemai was justified in terminating its relationship with Plaintiff.[4]

7. Appeals from the Court of Common Pleas are appeals on the record and the Court will not permit the introduction of new evidence. Nor is an appeal the occasion to seek reargument on the same issues raised and lost below: "In an appeal from the Court of Common Pleas to the Superior Court, the standard of review is whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record. . . ."[5]

---

[2] Appellee's Answering Br., at 4; D.I. 17, at 128:2—15, 155:14—156:3.

[3] *Id.*, at 193:17—21.

[4] *Id.*; D.I. 17, at 195:2—18.

[5] *City of Wilmington v. Flamer*, 2013 WL 4829585, at *3 (Del. Com. Pl. May 22, 2013) (citing *Onkeo v. State*, 2008 WL 3906076, at *1 (Del. Aug. 26, 2008).

8.  Plaintiff continues to press his claims *pro se*. His arguments on appeal are almost incomprehensible. There is, for example, a general complaint that the judge did not provide his translator with enough time to translate.[6] But having read the full day's transcript of the proceedings below, there is not the slightest evidence that the judge was anything less than solicitous and patient with Plaintiff and the translator.

9.  There is a statement in his appeal papers that "I still have evidence to ask for display in court, but the judge did not allow me to complete the proof."[7] The statement is followed by several pages, single spaced, that reiterate all of his arguments before the trial court, all of which were rejected.

10.  In their Answering Brief, Defendants give adequate and complete responses to the best that can be gleaned from Plaintiff's pleading here. First, the Court of Common Pleas' factual findings were not clearly erroneous. Second, an interpreter is not a matter of right in a civil case and the parties and the Court complied with all accommodation requests of the Mandarin translator. Finally, Plaintiff was accorded sufficient time to make his case and he was not prevented from stating his case in the Court below.

_____

[6] Appellant's Opening Br., at 1—2.

[7] *Id.* at 2.

4

11. After a review of the record below and the brief of Plaintiff on appeal, the Court is satisfied that the trial was fair and no substantial right of Plaintiff's was denied. The trial judge acted with sensitivity to Plaintiff's language barriers and simply agreed with Defendants' evidence and arguments and disagreed with Plaintiff. Having had his fair day in Court, Plaintiff has raised nothing in this appeal warranting reversal of that judgment.

The judgment of the Court of Common Pleas is **AFFIRMED.**

**IT IS SO ORDERED.**

Charles E. Butler, Judge